# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Scott McDevitt, | ) | Civil Action No.: 9:22-cv-00228-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Berkeley County Detention Center, Berkeley | ) | |
| County Sheriff, Correct Care Solutions, | ) | |
| Major Phyall, Captain Jackumea, Medical | ) | |
| Staff @ CCS, Captain Dremory, and | ) | |
| Berkeley County, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Scott McDevitt filed this civil rights action *pro se*[1] against the above-named defendants on January 25, 2022. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on May 10, 2022, recommending the court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41. (ECF No. 10 at 2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989), *cert. denied sub nom*, *Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion)).) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10) and **DISMISSES** this action without prejudice.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cnty. Complex Solic.'s Off.*, No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

## I. RELEVANT BACKGROUND

This action arises from Plaintiff's pretrial detention at the Berkeley County Detention Center. During his detention, Plaintiff alleges that he received inadequate treatment for an infected cut on his finger and was subsequently billed for the treatment. (ECF No. 1 at 1.) Plaintiff alleges he requested to have the billing "corrected" to charge the jail or county as the party responsible for payment, but unnamed jail staff members were indifferent to his requests and refused to provide photocopies of the collection notices. (*Id.*) Additionally, Plaintiff alleges that he has was denied access to the courts because Defendants ignored his requests for forms, information, and procedures regarding filing a civil lawsuit in Berkeley County. (*Id.* at 3.)

Plaintiff filed his Complaint on January 25, 2022. (ECF No. 1.) The Magistrate Judge issued an order on February 11, 2022, informing Plaintiff that his case was not properly filed and providing him an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (ECF No. 4.) Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the order would subject the case to dismissal. (*Id.* at 5–6.) On May 10, 2022, after the time to bring this case into proper form lapsed, the Magistrate Judge issued its Report recommending this court dismiss the case without prejudice. (ECF No. 10.) Although Plaintiff filed additional documents in response to the proper form order on March 2, 2022, (ECF Nos. 7, 8), the Magistrate Judge explained that Plaintiff still failed to provide all the required documents and failed to fully complete some of the items submitted. (ECF No. 10 at 1 n.1.) Specifically, the Magistrate Judge observed that Plaintiff's submission included an incomplete Form AO-240, a summons form in which he only listed Defendant Berkeley County Detention Center with no names or addresses for

service of the other defendants, and unsigned Forms USM-285 improperly containing the names of more than one defendant per form. (*Id.* at 1–2 n.1.)

Plaintiff did not file any objections to the Report. Plaintiff was informed of his right to satisfy the requirements for proceeding with this case or to file objections to the Report within fourteen (14) days from its date of service. (ECF No. 10 at 2.) The court attempted to mail a copy of the Report to Plaintiff, but it was returned as undeliverable. (ECF No. 12.)

## II.     ANALYSIS

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

In this case, Plaintiff did not file any objections to the Report. However, Plaintiff appears not to have received a copy of the Report, as it was returned as undeliverable on May 23, 2022. (ECF No. 12.) Plaintiff has therefore not had an opportunity to read or object to the Report.

Plaintiff was explicitly ordered to keep the Clerk of Court advised in writing "if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [him] to meet will be received by [him]."  (ECF No. 4 at 7.)  Moreover, Plaintiff was warned that "[i]f, as a result of [his] failure to comply with this Order, [he] fail[s] to meet a deadline set by this court, [his] case may be dismissed for violating this Order."  (*Id.*)  Plaintiff's Complaint is therefore subject to summary dismissal at this stage.  In light of his *pro se* status and demonstrated inability to receive mail, however, the court dismisses this case without prejudice and with leave to refile if Plaintiff is able to gather the requested facts in support of his claim.

### III.     CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 28, 2022
Columbia, South Carolina